# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD HOWARD, REED HOWARD, DON
K. REED, and GERALDINE REED,

        Plaintiffs-Appellants,

V

GLENN HAVEN SHORES ASSOCIATION,

        Defendant-Appellee.

UNPUBLISHED
July 7, 2016

No. 325812
Allegan Circuit Court
LC No. 13-052490-CH

Before: MURPHY, P.J., and WILDER and BORRELLO, JJ.

WILDER, J. (*concurring*).

While I concur in the result reached by the majority, I write separately to offer differing reasoning. Although much of the parties' briefing, and the majority's analysis, focuses on the "continuing violations" doctrine—also known as the "continuing tort" or "continuing wrong" doctrine—that issue is not dispositive here because the continuing violations doctrine was abrogated by our Supreme Court's decision in *Garg v Macomb Co Community Mental Health Servs*, 472 Mich 263, 290; 696 NW2d 646 (2005) ("We conclude that the 'continuing violations' doctrine is contrary to the language of [MCL 600.]5805 and hold, therefore, that the doctrine has no continued place in the jurisprudence of this state."); see also *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 282-287; 769 NW2d 234 (2009) (noting that, since *Garg*, the state of the law in this area has become "hopelessly confused").

In light of the fact that the continuing violations doctrine cannot save plaintiffs' negligence and nuisance claims if they were filed untimely, the central question before us is whether plaintiffs' claims are timely under the applicable three-year statute of limitations set forth by MCL 600.5805(10). In other words, the germane[1] inquiry is whether plaintiffs' claims accrued in the three years before they filed suit, i.e., on or after October 28, 2010. Under MCL 600.5827, a claim accrues when "the wrong upon which the claim is based was done," not when the resulting "damage"—here, erosion—occurred.

---

[1] Because the parties have failed to raise it on appeal, the question of whether the Association owed plaintiffs a discernible legal duty is not before us.

-1-

Here, the "wrong" alleged by plaintiffs—negligent maintenance (i.e., failure to maintain)—is a negligent omission, not an affirmative negligent act. Given sufficient evidence, it is easy to pinpoint the timing of a negligent act because an act, by its very nature, must *occur* at some specific point in time. An omission, on the other hand, is something that does *not* occur. Accordingly, it is often difficult to establish precisely when an omission "was done" under MCL 600.5827.

Nevertheless, it well-settled that "a discrete negligent act *or* omission" can be used "for purposes of determining the accrual date" of a given claim, see, e.g., *Kincaid v Cardwell*, 300 Mich App 513, 528; 834 NW2d 122 (2013) (emphasis added), and here plaintiffs have alleged a discrete negligent omission that occurred—at least potentially—on or after October 28, 2010. Thus, I agree with the outcome the majority reaches. On this record, the trial court erred by granting the Association summary disposition under MCR 2.116(C)(7).

In their first amended complaint, plaintiffs alleged, "Despite numerous requests *over the years as the erosion continued* to erode, the [A]ssociation refused to do anything about controlling the erosion that was clearly occurring[.]" (Emphasis added.) Plaintiffs further alleged, "Since the bluff/ravine *continues to erode to this date*, it has eaten into the [plaintiffs'] private property and destroyed large portions of their lots to the extent that they have been deemed unbuildable." (Emphasis added.)

"Generally, the burden is on the defendant who relies on a statute of limitations defense to prove facts that bring the case within the statute," and when deciding the issue, the "court will accept the allegations stated in the plaintiff's complaint as true *unless* contradicted by documentary evidence." *Id.* at 522 (emphasis added). As the majority notes, there is a dearth of record evidence regarding the timing of the Association's alleged negligent omissions. Thus, the Association has not carried its burden under MCR 2.116(C)(7); it has not presented documentary evidence proving the facts necessary to bring plaintiffs' claims within the statute of limitations. In other words, the Association has failed to prove in a manner sufficient to warrant summary disposition that its alleged negligent omission—i.e., refusal "to do anything about controlling the erosion"—occurred only before October 28, 2010, rather than on or after that date. For that reason, I concur in the result reached by the majority.

/s/ Kurtis T. Wilder